RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE   8 / 22 / 14

JDB

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TERRANCE COTRELL ROBINSON          DOCKET NO. 14-CV-465; SEC. P
DOC #523307

VERSUS                             JUDGE JAMES T. TRIMBLE, JR.

WARDEN, ALLEN CORRECTIONAL         MAGISTRATE JUDGE JAMES D. KIRK
CENTER

REPORT AND RECOMMENDATION

*Pro se* petitioner Terrance Cotrell Robinson filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 27, 2014, and he was granted leave to proceed in forma pauperis on March 7, 2014. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at Allen Correctional Center in Kinder, Louisiana. Robinson is attacking his armed robbery and aggravated burglary convictions in the Ninth Judicial District Court, Parish of Rapides.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

On May 30, 2006, Petitioner was charged by bill of information with armed robbery and aggravated burglary. Robinson was found guilty on May 17, 2007, following a trial by jury. State v. Robinson, 981 So.3d 867 (La.App. 3 Cir. 2008). On June 15, 2007,

the trial court sentenced Robinson to twenty-five years at hard labor for armed robbery and ten years at hard labor for aggravated burglary, to run consecutively.  Id.  Petitioner appealed claiming insufficient evidence, ineffective assistance of first counsel, denial or right to self-representation, and failing to articulate reasons for sentence.  The sentence was affirmed.  Id.  Petitioner sought review in the Louisiana Supreme Court, which was denied on February 13, 2009.  State v. Robinson, 999 So.2d 1144, 2008-1314 (La. 2/13/09).  Petitioner did not seek further review in the United States Supreme Court.

Petitioner filed an application for post-conviction relief on July 29, 2010, for failing to disclose Brady material as well as ineffective assistance of counsel.  [Doc. #8, Exhibit "C"]  His application was denied on October 6, 2010.  [Doc. #8, Exhibit "D"]  Plaintiff sought review in the Third Circuit Court of Appeal, which denied writ on May 23, 2013, finding that the trial court did not err in denying the application for post-conviction relief.  [Doc. #8, Exhibit "K"]  Plaintiff then sought review in the Louisiana Supreme Court on July 8, 2013, but the writ was denied on January 17, 2014.  See State ex rel. Robinson v. State, 130 So.3d 941, 2013-1592 (La. 1/17/14).

## *Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a **one year** statute of limitations for the filing of

applications for writ of *habeas corpus* by persons such as Petitioner, who are in custody pursuant to the judgment of a State court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Petitioner's writ application on direct review was denied by the Louisiana Supreme Court on February 13, 2009. [Doc. #8, Exhibit "B"] Petitioner did not seek further review in the United States Supreme Court.

Thus, for AEDPA purposes, Petitioner's judgment of conviction and sentence became final on or about May 14, 2009, when the time expired for seeking review in the United States Supreme Court (ninety days after the Louisiana Supreme Court denied his petition). See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Under 28 U.S.C. §2244(d)(1) Petitioner had one year, until on or about May 14, 2010, to file his federal *habeas* petition.

28 U.S.C. §2244(d)(2) contains a statutory tolling provision providing that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). ***However, any lapse of time before***

*the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.* See Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998).  Petitioner's first collateral attack in the state court was not filed until July 29, 2010, after the one year limitations period had already expired. Thus, neither Petitioner's application for post-conviction relief, nor any of his subsequent filings in the Ninth Judicial District Court, the Third Circuit Court of Appeals, or the Louisiana Supreme Court, could operate to toll the limitations period.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted).  The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently', and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of

representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).  Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

A period of more than twelve un-tolled months passed between the date that Petitioner's conviction became final and the date that his federal suit was filed, and he has not shown that he is entitled to equitable tolling.  Accordingly, Petitioner's *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE.**

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 21st day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE